# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN LEE GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV67 JCH |
| | ) | |
| RODGER MEDLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Bryan Gregory for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court is required to review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Rodger Medley, Sheriff of Iron County, Missouri, and Kathy Mayberry, Deputy Sheriff for Iron County.

Plaintiff was recently released from prison. Plaintiff alleges that he was incarcerated for fifteen days past his correct release date in violation of the First, Sixth, Eighth, and Fourteenth Amendments, as well as the Ex Post Facto Clause. Plaintiff blames defendants for his alleged over-detention because they allegedly failed to forward the proper paperwork to the Missouri Department of Corrections so that he could receive the proper credit for the time he was detained at the Iron County Jail.

Plaintiff asserts that he wrote a letter to defendant Medley, requesting that he send the proper paperwork to the Department of Corrections. Plaintiff claims that

Medley never responded to the letter. Plaintiff alleges that a friend of his called Medley about the matter and Medley told her that he was not responsible for sending the paperwork.

Plaintiff says he talked to defendant Mayberry on the phone several times, requesting that she forward the paperwork. Plaintiff claims Medley agreed to take care of it if she could but that she could not find his information in the computer. Plaintiff alleges that the last time he talked with Medley he threatened to sue her and she hung up on him.

## Discussion

Plaintiff's Eighth and Fourteenth Amendment claims survive initial review under 28 U.S.C. § 1915(e). E.g., Davis v. Hall, 375 F.3d 703, 713-18 (8th Cir. 2004). As a result, the Court will order the Clerk to issue service on defendants.

Plaintiff's First and Sixth Amendment claims, however, will be dismissed because these provisions of the Constitution are not implicated by plaintiff's alleged unlawful detention.

Furthermore, there are no allegations in the complaint that would give rise to a claim under the Ex Post Facto Clause. There are no allegations that plaintiff was subject to legal sanctions that were introduced after he convicted his crime. And, generally speaking, a claim for money damages does not arise from a violation of the

Ex Post Facto Clause. See Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009). Habeas corpus is the normal remedy in such cases. Id. As a result, plaintiff's Ex Post Facto Clause claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims under the Ex Post Facto Clause, the First Amendment, and the Sixth Amendment are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint.

Dated this 19th day of February, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE