UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN LEE GREGORY, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV67 JCH |
| | ) | |
| RODGER MEDLEY and KATHY | ) | |
| MAYBERRY, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss," ECF No. 11), filed on April 4, 2012.  (ECF No. 11).  This matter has been fully briefed and is ready for disposition.

**BACKGROUND**

Plaintiff Bryan Lee Gregory ("Plaintiff") was held in the Iron County Jail in Iron County, Missouri, from November 27, 2002, to December 12, 2002, following his arrest for assaulting a police officer, resisting arrest, and two other charges.  (Complaint, ECF No. 1, p. 5; Officer's Arrest Report, ECF No. 14, p. 3).  Custody of Plaintiff was subsequently given to the Missouri Department of Corrections for a related parole violation.  (Complaint, p. 5).  Defendant Rodger Medley is the Sheriff of Iron County, and Defendant Kathy Mayberry is the Deputy Sheriff of Iron County.  (Id., p. 3).

Plaintiff entered into a plea bargain and received five- and nine-year sentences to run concurrently with each other and concurrently with a previous sentence he was serving.  (Id., p. 5).  Plaintiff states that, beginning in early 2011, he contacted the Iron County Sheriff's office several times to request credit against his current prison sentence for the fifteen days served immediately

following his arrest in November 2002. (Id., pp. 5-8). Plaintiff also contacted the Crawford County Sheriff's office and the Iron County Prosecuting Attorney's office to request credit for this time. (Id., pp. 5-6). Plaintiff did not receive credit for the time he requested, and Plaintiff asserts he should have been released from the custody of the Missouri Department of Corrections on November 26, 2011. (Id., p. 8).

Plaintiff filed this action on January 12, 2012, alleging that Defendants violated Plaintiff's constitutional rights under Article 1, Sections 2 and 10 of the United States Constitution and under the Sixth, Eighth, and Fourteenth Amendments. (Id.). As indicated above, Defendants filed their Motion to Dismiss on April 4, 2012.

## STANDARD OF REVIEW

When considering a motion to dismiss, the Court must view the allegations made in the Complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotations omitted). Thus, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001); see also Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## **DISCUSSION**

Defendants argue that the Plaintiff's Complaint "does not involve a violation of the liberty interest protected by the due process clause of the Fourteenth Amendment, but only involves interpretation of state law and therefore does not present a cognizable claim under 42 U.S.C. § 1983." (Motion to Dismiss, p. 1). Section 1983 governs and bestows on individuals the right to initiate a civil action based on "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. However, a plaintiff is not entitled to relief under § 1983 without first alleging a violation of federal law. See Bagley v. Rogerson, 5 F.3d 325, 328-29 (8th Cir. 1993) (stating that violations of state law do not state a claim under § 1983). Thus, Plaintiff must present the Court with some cognizable cause of action under federal law.

Defendants argue, and this Court agrees, that this issue has been examined and decided by this District and the Eighth Circuit Court of Appeals in Donaldson v. Purkett, 204 F. Supp. 2d 1199 (E.D. Mo. 2001), aff'd, 33 Fed. Appx. 233 (8th Cir. 2002). In Donaldson, the plaintiff alleged that "seventy days of imprisonment were added unlawfully to his Missouri state court sentence" and that he failed to receive credit for time served "in the custody of the Department of Corrections to litigate [a] parole revocation." Id. at 1199-1200. Rather than filing an administrative grievance upon becoming aware of the perceived mistake, the plaintiff filed an action under 42 U.S.C. § 1983 seeking compensatory and punitive damages a month after his release. Id.

The court in Donaldson dismissed the plaintiff's Complaint, finding that the "plaintiff allege[d] only a violation of state law, not federal law, and that such a claim is not cognizable under § 1983." Id. at 1200. The Eighth Circuit affirmed, stating that the "[c]alculation of . . . [a] state sentence is governed by state law, thus any mistakes in the calculation are violations of state law." 33 Fed.

- 3 -

Appx. at 234.  Accordingly, such a "violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983."  Id. (quoting Bagley, 5 F.3d at 328).

The Eighth Circuit has stated that due process under the Fourteenth Amendment "is not at all the same thing as saying that the federal Constitution guarantees me all the rights created or conferred upon me by state law."  Bagley, 5 F.3d at 328.  "Such a doctrine would . . . obliterate completely the distinction between state law and the federal Constitution."  Id.  Both this District and the Eighth Circuit have upheld this distinction by determining that "state law provide[s] adequate procedures to address [plaintiffs'] claims . . . that jail-time credits were not properly calculated."  Donaldson, 204 F. Supp. 2d at 1202.  Here, as in Donaldson, Plaintiff "could have requested a corrected calculation from the Department of Corrections and proceeded with its administrative remedies, sought a writ of habeas corpus or mandamus, or filed a petition for declaratory relief in state court."  Id.  While Plaintiff's Complaint does state that he initiated grievance proceedings against Defendants, Plaintiff acknowledges over nine years passed before he contacted the Iron County Sheriff's office to discuss receiving credit for the time he served in the Iron County Jail.  Had Plaintiff taken the proper steps sooner, the alleged violation might have been avoided.

Viewing all allegations in the Complaint in the light most favorable to Plaintiff, Defendants' Motion to Dismiss will be granted.  Because Plaintiff's Complaint alleges a violation of state law, and because "[§] 1983 is not concerned with mere violations of state law[,]" the Complaint must be dismissed under Rule 12(b)(6).  See Donaldson, 204 F.Supp.2d at 1201.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is **GRANTED**, and Plaintiff's Complaint is dismissed with prejudice.  An appropriate Judgment will accompany this Memorandum and Order.

Dated this ___4th___ day of October, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE